FILED

FEB 27 2006

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP. CLK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **JOHN V. & BARBARA H. BROWN** | : | **Civil Action No:** 5:06-cv-103 |
| **6536 LAGOON DRIVE** | : | |
| **FAYETTEVILLE, NC 28314** | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| | : | **Fair Debt Collection Practices** |
| | : | **Act, Title 15 U.S.C. §1692 et seq** |
| | : | |
| **vs** | : | |
| | : | |
| **MBNA AMERICA BANK, N.A.** | : | **JURY TRIAL DEMANDED** |
| **SMITH DEBNAM NARRON WYCH** | : | |
| **SAINTSING & MYERS, L.L.P.** | : | |
| | : | |
| **PEDRO ZABALA, ESQUIRE** | : | |
| **WOLPOFF & ABRAMSON, LLP** | : | |
| **JOHN DOE, JANE DOE & ONE UP** | : | |
| **Defendants** | : | |

## COMPLAINT

## I  INTRODUCTION

### UNLAWFUL DEBT COLLECTION PRACTICES

This is an action for damages brought forth by Plaintiff John V. Brown,

individual consumer, against the above captioned Defendant's, severally

and collectively for violation(s) of the following acts; Title 15 U.S.C. §1692,

et seq. The Fair Debt Collection Practices Act, [hereinafter the "FDCPA].

1

## II.   JURISDICTION

1) Jurisdiction of the Court arises under Title 15 U.S.C. §1692k(d), which grants this United States District Court jurisdiction to hear this action without regard to the amount in controversy.  Title 28 U.S.C § 1337 and 28 U.S.C. § 1331 and supplement jurisdiction exists for the state law claims pursuant to 28 U.S.C § 1367 and Declaratory relief is available pursuant to Title 28 U.S.C §§ 2001 and 2202.

2) Venue lies in this district pursuant to Title 28 U.S.C. § 1391(b).

## IV.   PARTIES

3) The plaintiffs, John V. & Barbara H. Brown (hereinafter referred to as "Plaintiff Brown and/or Brown") is a natural person (individual) and consumer pursuant to Title 15  U.S.C. §1692a(3) and  resides at  6536 Lagoon Drive, Fayetteville, NC 28314.


4) MBNA AMERICA BANK, N.A., JOHN DOE, JANE DOE and ONE UP [Hereinafter referred to as "Bank" and/or "MBNA AMERICA BANK, N.A."] doing business at 1100 N. King Street, Wilmington, DE 19884 and is a party to this law suit by which the Bank pursues the claim in consideration of receiving part of the proceeds or part of the judgment ("Champerty"). The Bank's action and/or support of this action are guided under "Maintenance" by which the Bank maintains, supports or promotes the litigation of another.   The amount of filings by Defendant Law Firm clearly proves that Bank knew, should have known and approved of this

2

Complaint filed against this Plaintiff. MBNA AMERICA BANK, N.A. is also party to this suit by the Doctrine of Respondeat Superior. MBNA AMERICA BANK, N.A. (hereinafter referred to as "Bank") is the master. This doctrine or maxim means that a master (Bank) is liable for the wrongful acts of his servant, Defendant Law Firm, Defendant Law Firm's agents and employees. Under the Doctrine of Respondeat Superior, Bank actually controlled, dictated, ruled, ordered, managed, and determined the actions of the debt collectors.

5) **Wolpoff & Abramson, LLP, John Doe, Jane Doe and One up** are doing business at 702 King Farm Blvd. Rockville, Maryland, 20850 (referred to as "Defendant Law Firm" and/or "Law Firm") is a "debt collector" as defined by the Fair Debt Collection Practices Act, FDCPA, Title 15 U.S.C. §1692a(6). Law Firm is not exempt under Title 15 U.S.C. §1692a(6)(A)-(F).

6) **SMITH DEBNAM NARRON WYCH SAINTSING & MYERS, L.L.P.** (hereinafter referred to as "Defendant, Law Firm", and/or "Law Firm", are doing business at P.O. Box 26268 Raleigh, N.C. 27611 is a "debt collectors" as defined by the Fair Debt Collection Practices Act, FDCPA, Title 15 U.S.C. §1692a(6). Law Firm is not exempt under Title 15 U.S.C. §1692a(6)(A)-(F).

7) 7. Defendant Pedro Zabala, II, ESQUIRE, also known as Pedro Zabela, is a natural person employed by, hired by and/or otherwise works for and/or on behalf of LAW FIRM (hereinafter referred to as Defendant Law

3

Firm) as a "Debt Collector" as defined by "FDCPA", Title 15 U.S.C., §1692a(6). Pedro Zabala, and Pedro Zabala, Esquire is not exempt under Title 15 U.S.C. §1692a(6) (A)-(F) and is personally liable for his actions as a debt collector at all times under the above infractions in the introduction to this complaint.

8) MBNA AMERICA BANK, N.A., N.A. (hereinafter referred to as Defendant Bank and/or Bank) is liable for the actions of its debt collectors. At all times pertinent hereto, the Defendants were acting by and through its agents, servants and or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants here. (Doctrine of Respondeat Superior and the Doctrine of Apparent Authority)

9) At all times pertinent hereto, the conduct of Defendant Law Firm, as well as the master of respondeat superior, as well as its agents, servants, and/or employees was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## IV.    FACTUAL ALLEGATIONS

10) Plaintiff repeat, reallege and incorporate by reference paragraphs one through eleven above.

11) On or about 2-91, Plaintiff Brown and/or Brown received from Defendant Bank an Application from Defendant Bank."

12) The above In the above mentioned letter dated June 4, 2001, (see exhibit P-01) Defendant Law Firm identifies the Defendant as "In making this communication, we advise that our firm is a debt collector". Defendant Law Firm did not include the statement "This is an attempt to collect a debt, and any information obtained will be used for that purpose." Defendant Law Firm violated Title 15 U.S.C. §1692 e(11).

13) The alleged account was supposedly created under the Account number as 532- 0419 4312 9095.

14) The alleged account was closed by the Plaintiff Brown's request and requested validation from more than several employees of Bank both verbally and in writing. MBNA, failed to properly validate the alleged debt with Plaintiff Brown and/or Brown. Defendant Bank violated Title 15 U.S.C. §1692 g(a) (3) (4)(5)(b)(c) (see exhibit P-01).

15). Plaintiff Brown and/or Brown sent three consecutive letters to Bank asking for validation and/or verification of the alleged debt that were also ignored by Bank. Defendant Bank confused Plaintiff Brown and/or Brown by intimidating as to the intent, purpose, and reasons for the letters and the harassing pine.

16) Defendant Law Firm, (hereinafter referred to as W&A and/or Law Firm) received first letter from W&A on or about May 3, 2004, stating that W&A now represent Bank. Defendant Law Firm failed to disclose to Plaintiff

5

Brown and/or Brown, the consumer rights statement "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". Plaintiff Brown and/or Brown, being the least sophisticated consumer and being unaware of his rights, did not dispute this alleged debt. Defendant Law Firm violated 1692g(a)(3)(4)(b)(c).

17). Plaintiff Brown and/or Brown mailed to W&A mailed DISPUTE LETTER TO W&A ON May 11, 2004. W&A' s letter was confusing, represents mass mailing without any attorney review and was in violation of 1692g.

18). Defendant Law Firm sent an identical letter on May 12, 2004 once again declaring that W&A now represents Bank, leading Plaintiff Brown to be scared that legal actions would soon be filed by Defendant Law Firm without affording Plaintiff Brown and/or Brown due process according to Title 15 U.S.C.§ 1692d, 1692e, 1692e(2)(A)(B) (3)(5)(13) 1692f, 1692f(1), 1692g(a)(3)(4)(5)(b)(c), 1692 j(b).

19). Brown mailed on May 27, 2004 a letter of validation along with a credit disclosure statement to W&A.

20). Brown mailed to Defendant Law Firm a "Cease and Desist" letter that was once again completely ignored by W&A. Defendant Bank and Law Firm denied Brown proper validation or verification, supporting documentation, and/or legal instruments to substantiate the alleged debt claim. Defendant Law Firm, being educated in the law, knew or should have known that proper legal documents were not in his possession to

6

substantiate the alleged debt claim. Defendant Law Firm did not have requisite knowledge of this case. Defendant Law Firm is in violation of Title 15 U.S.C. 1692e,1692e(2)(A)(3)(5),(8)(11)(13), 1692f, 1692f(1).

21). Plaintiff Brown received on 11-29-2004, a National Arbitration Forum (NAF) Claim, a biased, procedural and substantive unconscionable, where arbitrators are selected by the Forum themselves and where the President of NAF has the power to change the outcome of any hearing to support MBNA at the expense of Brown in direct contrary to Congressional intent of the FAA.

22). Plaintiff Brown and/or Brown believe that Defendant Law Firm was hoping "the least sophisticated consumer" would feel overwhelmed, intimidated, harassed and confused. Not familiar with court procedures and probably not financially able to hire an attorney for representation the Plaintiff probably would not answer the complaint in the allowed twenty (20) days. It is the belief of Plaintiff Brown and/or Brown that Defendant Law Firm filed this action hoping to get a default judgment through the corrupt NAF process where NAF has a 99.6% win ratio favoring the Bank.

23). Plaintiff Brown mailed to Arbitration rejection to Defendant W&A on the basis that Brown has never agreed to any arbitration agreement ever with Bank. Brown received this alleged MBNA card on 2-1991 and MBNA did not start using NAF until 1999 as verified in the Ross Case now before the Courts in New York State. Exhibits will be following in the amended Complaint. NAF never had any signed agreement with Brown and that

W&A withdrew the NAF Award because lack of documented evidence to support NAF's conclusion.

24).     Defendant Law Firm used abusive practices and abuse of "title of authority" by using the same dunning and/or boiler plated communications and legal forms, including the NAF claim and bogus award to extort money from Brown.

25).     Bank made the decision about which consumer should receive the dunning letters and/or communication and/or legal forms on Defendant Law Firm's letterhead by sending Defendant Law Firm cursory lawyer information containing consumer's name, address and amount of alleged debt. The documents through Discovery will prove by examining Defendant Law Firm's records that it will clearly show that the greatest majority of names supplied by Bank are handled with the same exact form letters and the filing of the same exact complaint substantiating Bank's involvement and/or approval. Bank is Respondeat Superior.

26).     If Bank did not approve of the actions of Defendant Law Firm then Bank would not allow Defendant Law Firm to send boiler plated communications including the filing of hundreds of Complaints in North Carolina. BANK IS RESPONDEAT SUPERIOR.

27).     Plaintiff Brown and/or Brown responded with letter to W&A on Jan. 24, 2005 once again declaring that they had no signed agreement to arbitrate and that NAF had no Subject Matter Jurisdiction to determine arbitribility of Brown's case. That is left to the discretion of the Courts.

8

28).     On Feb. 7, 2005, Plaintiff Brown received from NAF and W&A a NAF award finding in favor MBNA Bank without having Subject Matter Jurisdictions and without reviewing any documents at all. Under the FAA the agreement has to be in writing.

29).     On or about February 16, 2005, Plaintiff Brown and/or Brown received a letter from Defendant Smith Debram Narron Wyche Saintsing & Myers L.L.P. (Hereinafter referred to also as "Law Firm" and/or Defendant Law Firm have been employed by W&A to collect the alleged debt based upon the bogus arbitration award from NAF.

30).     On or about February 28, 2005, Plaintiff Brown and/or Brown sent Defendant Law Firm a "Cease and Desist Letter" that was totally ignored.

31).     Defendant Law Firm provided nonsensical and dunning, harassing, abusive, false and misleading statements, oppressive, deceptive and incorrect information is a way to confuse and take advantage over Brown, the least sophisticated consumer.

32).     On April 20, 2005, Defendant Law Firm under orders from W&A, through the Doctrine of Respondeat Superior and Apparent Authority and Champerty and Maintenance was the "Master" and directed, controlled, managed and dictated the affairs of Defendant Law Firm filed a Civil Summons in District Court in Fayetteville, NC and filed number is 05-CVD3286.

9

33). On July 27, 2005 Brown received from W&A and other Law Firm a "Motion to Confirm Arbitration while the same case was scheduled to be heard in County Court.

**34)**. Plaintiff Brown received from Defendant Zabala under the control of other Law firms on or about **October 17, 2005 that a hearing was notice and scheduled for November 21, 2005 and upon arriving in Court, I was informed that their was no hearing scheduled for that day.**

35). Plaintiff Brown received from Defendant Zabala under the control of other Law firms on or **about December 5, 2005 that a hearing was notice and scheduled for January 21, 2006 and upon arriving in Court, I was informed that their was no hearing scheduled for that day.**

36). Defendant Law Firm and Defendant Bank mails to Court a **"NOTICE OF WITHDRAWAL OF PLAINTIFF'S MOTION TO CONFIRM ARBTRATION," ON OR ABOUT January 4, 2006 proving that Arbitration Award was used primarily for deceptive and misleading FDCPA violation pursuant to 1692c,d,e,f,g,j and I in complete disregard of Federal Law.**

37). Defendant Law Firm incorrectly states under oath that Law Firm's Motion for Summary Judgment is based upon the pleadings, exhibits, and affidavits filed or served in this preceding and further states that there are no material facts in dispute. Law Firm knows and should know that Law Firms lacks any verifiable evidence, no signed contract, no arbitration

clause, no documents have been produced including accounting ledgers and/or accounting books to substantiate this bogus attack against this least sophisticated consumer Brown.

38).     Law Firm files "Certificate of Readiness" in a way to confuse, threaten, extort money from Plaintiff Brown knowingly that Law Firm has noting referenced in their Motion. This is a clear violation and abuse of the FDCPA and in disregard of Congressional intent to stop abusive debt collection and/or illegal practices.

39).     Courts have required debt collectors to provide the following types of information in discovery:   Information regarding the legal relationship between the debt collector and the entity it purchased the debt from. Kimbro v. I.C.System, Inc., 2002 WL 1816820 (D. Conn. July 22, 2002): Boutvis v. Risk Management Alternatives, Inc., 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002);   Yancey v. Hooten, 180 F.R.D. 203 (D. Conn. 1998) (attorney collector/client agreement relevant and contains no privileged information). Plaintiff plans to pursue these activities to prove fraud upon the Court because W&A is the real party of interest.

40).     Defendant Law Firm  failed to prove that anyone they represent has any holder in due course status, or prove that anyone they represent ever gave valuable consideration, and  failed to provide any original documents to validate Defendant Law Firm's claim.  In violation of 15 U.S.C. § 1692 f, 1692f(1)

## V. FAIR DEBT COLLECTION PRATICES VIOLATION

11

# Count 1

41).      Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto and incorporates herein by reference.

42).      Defendant Law Firm knew that proper legal documents were not in his possession. In violation of 15 U.S.C. § 1692e, 1692e(2)(A)(3)(5) (10)(13), 1692f, 1692f(1).

43).      Defendant Law Firm's actions suggest that Defendant Law Firm has reached a considered, professional judgment that the debt is delinquent and is a candidate for a legal lawsuit.

44).      Defendant Law Firm by signing his name to the complaint without reviewing the files has misrepresented to Plaintiff Brown and/or Brown and to the National Arbitration Forum and the Fayetteville District Court that Defendant Law Firm personally reviewed and had requisite knowledge of the entire file.

45).      No communication was received from Defendant Law Firm informing Plaintiff Brown that there was no Court date on those alleged dates. Law Firm just used these letters in a deceptive way and violated 1692 e(2)(A), e(3), e(5), e(10) 1692d(1) and 1692f(1) nor was there a court date ever set.

46).      This action leads Plaintiff Brown and/or Brown to believe that Defendant Law Firm used false, deceptive or misleading representation to harass, threaten and intimidate Plaintiff in violation of 15 U.S.C. §1692e, 1692e(2)(A)(3)(5)(8)(13).

12

47).    Plaintiff Brown and/or Brown believes that Defendant Law Firm knew or should have known that basing Defendant's decision on whether to file a lawsuit on the lawyer's cursory information supplied by BANK about the legitimacy of a debt was insufficient to make a legal judgment that there was a legitimate claim to pursue.

48).    It is Plaintiff Brown and/or Brown's belief that Defendant Law Firm was clearly using the County Court system as a debt collector in a deceptive, harassing, false and/or misleading representation and/or means in connection with the collection of an alleged debt for his own unjust enrichment.

49).    It is Plaintiff Brown and/or Brown's belief that Defendant Law Firm once again is beginning a series of harassment, intimidation, deceptive, abusive and other unlawful methods without providing any verifiable documents to prove any allegations and/or legal instruments in order to justify the filed complaint and Bogus National Arbitration Claim.

50).    It is Plaintiff Brown and/or Brown's belief that Defendant Law Firm once again is preying upon the "least sophisticated consumer" in hopes that Plaintiff would feel overwhelmed and being uneducated in court proceedings would not file the required pleadings within the necessary twenty (20) days and a default judgment would be entered in favor of Defendant Law Firm.

51).    Plaintiff brown avers and believes that Law Firms do not have in their possesion…"the alleged complete, original contract/agreement with

the original wet ink signature, front and back of each and every page of this alleged agreement, including, but not limited to the page allegedly signed by the alleged borrower and covering the terms and conditions governing the alleged credit card".

52)     Courts have required debt collectors to provide the following types of information in discovery: Information regarding the legal relationship between the debt collector and the entity it purchased the debt from, accounting records and ledgers to met 1692e(2)(A) and 1692f(1). Kimbro v. I.C.System, Inc., 2002 WL 1816820 (D. Conn. July 22, 2002): Boutvis v. Risk Management Alternatives, Inc., 2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002); Yancey v. Hooten, 180 F.R.D. 203 (D. Conn. 1998) (attorney collector/client agreement relevant and contained no privileged information).

53).     Defendant Law Firm has violated 1692e, 1692d and 1692f because they know and should know that  Cancelled checks and Statement of accounts do not qualify as evidence under the FDCPA.

54).     Defendant Law Firm has violated 1692e, 1692d, 1692f by misleading the court system that they represent MBNA when documented evidence can be produced through discovery that W&A has purchased the debt from MBNA. MBNA Bank is not the holder in due course

55).     Defendant Law Firm has violated 1692e(2)(A) and 1692f(1) by not proving that the actual amount sought by Law Firms is the actual amount of the debt.

14

## IV.  FAIR DEBT COLLECTION PRACTICES ACT

## VIOLATIONS, Count II

56).     Plaintiff repeats, alleges and incorporates by reference all above paragraphs hereto and incorporates herein by reference.

57).     Although Plaintiff Brown and/or Brown may not be liable to Defendant Law Firm or any company(s) or corporation(s) for which defendant collects, the plaintiff is a "consumer" as defined by 15 U.S.C. §1692 a(3) of the Fair Debt Collection Practices Act. (Hereinafter referred to as FDCPA).

58).     Defendant Law Firm is a "debt collector(s)" as defined by 15 U.S.C.§ 1692 a(6).

59).     The above contacts/correspondence made between Plaintiff Brown and/or Brown and Defendant Law Firm were "communication(s)" relating to a "debt" as defined by 15 U.S.C. §1692a(2) and 1692a(5) of the FDCPA.

60).     Plaintiff Brown and/or Brown suffered severe humiliation and lost considerable amount of sleep, skin eruptions, felt physically sick, loss of happiness, lost considerable amount of time researching and responding to court pleadings.    Plaintiff and his immediate family were harassed for

four plus years, bickered with each other about the alleged debt, had their twenty-nine year marriage severely stressed.   Plaintiff suffered hypertension and chronic benign prosthetic hyperplasia as a result of the actions of Defendant Law Firm without any legal instruments and/or documentation to pursue this case.   15 U.S.C. §1692e, 1692 e(2)(A)(3)(5)(13), 1692f, 1692f(1)

61).      Defendant Law Firm on numerous occasions since January of 2005, in connection with the collection of an alleged debt that was in default when obtained by defendants, Defendant Law Firm used false, deceptive, or misleading representations or means, in violation of the FDCPA,  in which violations include but are not limited  to violations of 15 U.S.C. § §1692c(3),1692d,  1692d(1), 1692e,  1692e(2)(A),1692e(2)(B), 1692e(3), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692e(13), 1692f, 1692f(1), 1692g(a), 1692g(a)(3)(4)(b)(c), 1692i(b), 1692j(a) as evidenced by the following conduct:

62).      Defendant Law Firm used  abusive, deceptive  and unfair debt collection practices, filed the complaint   in anticipation that Plaintiff "being the least sophisticated consumer" would not respond in the proper time and Defendant Law Firm would get a Award and Summary Judgment in violation of 1692e, 1692d and 1692f.

63).      It is the belief of Plaintiff Brown and/or Brown that Defendant Law Firm filed the "Statement to Proceed" with the intention to harass,

16

intimidate, confuse and abuse "the least sophisticated consumer". in violation of 1692e(2)(A), e3, e(5), e(8), e(10) and 1692 f(1).

64). Defendant Law Firm has violated 1692e(2)(A) by making false and misleading and/or false representation as to the character of the debt.

65). Defendant Law Firm violated 15 U.S.C. §1692e(3) by misrepresenting the Communications as coming from an attorney.

66). Defendant Law Firm filed this complaint and has continued to intimidate, harass, embarrass and oppress the plaintiff leading the Plaintiff to believe that documents are legal process all the while Defendant Law Firm has no legal instruments in which to substantiate Defendant's claim. This is in violation of 1692d(1), e(2)(A) and 1692f(1).

67). Defendant Law Firm violated 1692e and 1692f by misrepresenting the legal status of the alleged debt.

68). Defendant Law Firm is in violation of U.S.C. 15 §1692f(1) as they have produced no "signed original agreement" creating the alleged debt. Defendant Law Firm therefore cannot collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation.

69). Defendant Law Firm violated U.S.C. §1692e(8) by not reporting correct information or informing the credit users that the credit information is defected.

70). Defendant Law Firm violated U.S.C. §1692e(8) by not correcting false information now found on the credit bureau agencies records.

71). Defendant Law Firm's actions in inflating the amount of the debt further violated 15 U.S.C. §1692f(1) in that Defendant Law Firm was attempting to collect a sum, including any interest, fee charge or expense incidental to the principle obligation, that was not authorized by the expressed agreement and/or contract.

72). Defendant Law Firm violated §1692e(2)(b) by false representation of any service rendered or compensation, which may be lawfully received by any Debt Collector for the collection of Debt.

73). Defendant Law Firm used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of the FDCPA, 15 U.S.C. § 1692e(10).

74). Defendant Law Firm violated §1692e(2)(b) by false representation of the compensation, which may be lawfully received by any Debt Collector for the collection of Debt by stating a generic statement on Complaint as "and the costs of this action", which does not specify any amount of consideration.

75). Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of the FDCPA, 15 U.S.C. § 1692e(8).

76). Defendant Law Firm's actions was false and misleading and in that the debt collector could not lawfully take such action against Plaintiff Brown and/or Brown since the said action would have violated 15 U.S.C.

§1692f(6)(a) and (c) in that the property sought to be attached would have been exempt.

77).     Defendant Law Firm falsely represented to Plaintiff Brown and/or Brown by alluding to the fact that knowledge of records was readily available to Defendant, when they were not. Violated 1692d(1), e(2)(A)(B), e(3), e(5), e(10), 1692F(1) and 1692e(13).

78).     All the actions taken by Defendant Law Firm violated 15 U.S.C. §1692f as an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

79).     Defendant Law Firm has violated 1692f(1) by failure to identify with specificity the method used in the manner of calculation of Defendant Law Firm's collection fees.

80).     Defendant Law Firm has not produced documentations that show who is really the holder in due course, defendants lack evidence that MBNA AMERICA BANK, N.A. is the real party of interest.

81).     Defendant Law Firm's statement concerning his collection fees or lack of them was considered too vague to meet the requirements thus putting Defendant Law Firm in violation of 1692f(1).

82).     The entire actions of Defendant Law Firm violated 15 U.S.C. §1692e in that the actions were false, deceptive and misleading in that the defendants did not provide any documentary evidence to validate that Plaintiff Brown and/or Brown owed defendant's $20,000, $12,000 even

19

$5,000. Defendant Law Firm could not even prove that Plaintiff Brown and/or Brown did owe any money.

83).     Defendant Law Firm violated 15 U.S.C. §1692g(b) by failing to provide verification  or validation of the Debt and continued Debt collection efforts.

84).     Defendant Law Firm used unconscionable means to collect or attempt to collect this "alleged debt."  Defendant Law Firm violated  15 U.S.C. §1692f by deceiving Plaintiff Brown and/or Brown to admit to an "alleged debt" through a bogus arbitration forum.

85).     Defendant Law Firm's action was false and misleading and in violation of     15 U.S.C. §1692f in that the debt collector could not legally take such action since the amount owed was approximately $1,000.00 or even less if any debt was actually due and owing..

86).     In the event that Plaintiff Brown and/or Brown failed to dispute the validity of a debt, should not be construed by any court as an admission of liability by the consumer.

87).     If Plaintiff Brown and/or Brown  is liable to Defendant Law Firm, Plaintiff  is liable in far less amount than being demanded by Defendant Law Firm. Violation of 1692e(2)(A) and 1692f(1).

88).        . Defendant Law Firm, being a debt collector, violated 15 U.S.C. § 1692i(b) in that they have no legal standing to bring this action.

89).       Defendant Law Firm by declaring that Defendant Law Firm lacks the original agreement and/or contract, Defendant Law Firm initiated court action in complete disregard of the FDCPA in its entirety.

90).       Defendant Law Firm violated 15 U.S.C. §1692et seq., in that they have not been honest and forthright in their pursuit.

91).       Under the FDCPA, "A contractual provision for "reasonable" collection fees has to be expressly authorized "by the agreement" as required by this subsection so therefore Defendant Law Firm has violated 1692f(1).

92).       Defendant Law Firm incorrectly states that "accounts stated theory" is proof that a debt is owned, but under 1692g(c) it provides that a court may not treat a consumer's failure's to dispute a debt under 1692g(c) as an admission of liability. Furthermore, there is an argument that the account stated theory should be impermissible with respect to consumer debts covered under the FDCPA, because it deprives the consumer of the FDCPA's right to dispute a debt. Defendant Law Firm (1692g(c) violation) theory would rob Plaintiff Brown and/or Brown of his rights to dispute this debt.

93).       Defendant Law Firm's actions as described above were done with willful, reckless, wanton, malicious, intentional and negligent disregard for Plaintiff Brown and/or Brown's rights under the law and with the purpose of coercing him to pay the alleged debt.

94). Defendant Law Firm's actions as described above were done with deceptive, unfair, abusive and unconscionable means as to utilize the courts for Defendant's own unjust enrichment preying upon "the least sophisticated consumer".

95). As a result of the foregoing violations of the FDCPA, Defendant's are liable to Plaintiff Brown and/or Brown in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

96). Defendants' acts as described above were done with malicious intentional, willful, recklessness, wanton and negligent disregard for Plaintiff Brown and/or Brown's rights under the law and with the purpose of coercing Plaintiff to pay an "alleged debt". Notwithstanding the fact that Defendant Law Firm knew or should have known that the "alleged debt" was time barred and the statute of limitations had expired.

**WHEREFORE, Plaintiff Brown respectfully requests that judgment be entered against Defendant Law Firm's and Defendant Bank for the following:**

(a) That an order be entered declaring that the Defendants' actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendant's from continuing to communicate with Plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

22

(d)    That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e)    That the Court award costs and reasonable attorney's fees pursuant to U.S.C. §1692k(a)(3); and

(f)    That the Court grant such other and further relief as may be just and proper.

**Respectfully submitted,**

**pro-se**